### GALLAGHER v BEXLEY (city) et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2971. Decided Feb. 27, 1939.

Coughlin, Ogier & Lloyd, Columbus, for plaintiff-appellant.

Harley E. Peters, City Solicitor, Bexley, for defendants-appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on defendants-appellees' motion to dismiss plaintiff's appeal upon the following stated grounds:

"1. That the appeal herein be dismissed for want of prosecution by reason of the failure of the appellant's to file a bill of exceptions herein.

2. That the appeal herein be dismissed for the reason that said appeal was not taken from questions of law and fact and no appeal bond was filed herein as required by §12223-6 GC, the case being in chancery, but is an attempt to be taken on questions of law only."

Very able and comprehensive briefs have been filed by the attorneys representing the respective parties.

We have no difficulty in determining that the motion must be overruled.

The rule is well recognized that appeals on questions of law may be taken in chancery as well as in error cases. It is entirely at the option of the appellant.

Of course, if the appeal is taken on questions of law, a de novo hearing may not be had, but the review is only on error. When the appeal is on a question of law and no bill of exceptions is filed within the required time, only such errors may be considered as are manifest outside of the transcript of the evidence. If the claimed errors only could appear in the bill of exceptions, then the proper judgment in a reviewing court is an affirmance of the judgment of the lower court. There are some authorities supporting the dismissal, but the weight of authority does not support this procedure. O. Jur. Vol. 2, Sec. 532, pages 579 and 580. We also refer to the case of **Townsend v Harrison, 58 Oh St p. 398.** The syllabus reads as follows:

"Where all the assignments of error in a petition in error, are founded upon a bill of exceptions taken in lower court, but not filed in the higher court within six months after the rendition of the judgment of the court below, the judgment should be affirmed, but such state of the record is no ground for dismissing the petition in error."

The Supreme Court, in the case of **Blair, Superintendent of Banks v Union Central Bank of Bryan, 119 Oh St 142**, has a reference to this question in the opinion of Judge Kinkade on page 145:

"A motion to dismiss for want of a bill of exceptions is not without merit, in view of the manner in which the case was submitted to the appellate court, as stated in its journal entry, but the case has been fully argued here, and it will be decided on its merits, the facts not being in dispute."

In the instant case, there is raised the question of the constitutionality of certain pertinent sections of the Code. Of course, this claimed error appears in the pleadings and needs no support from a bill of exceptions. In our review we will be limited to the pleadings.

Of course, if the pertinent sections of the Code under which the jurisdiction of the act are unconstitutional, then all proceedings would be void, and then it would require a reversal and final judgment.

As heretofore stated, the motion to dismiss will be overruled.

Before motion to dismiss was filed, appellant had filed his assignments of error and triplicate copies of brief. An appropriate procedure at this time would be to fix the time within which defendants-appellees should file their brief, and likewise the time for reply brief.

We have concluded not to follow the customary procedure for the reason that it is manifest to us after carefully reading appellant's brief that he is not entitled to the relief sought on the pleadings. In our judgment the answer states a good defense, and further that the sections of the Code attacked are constitutional.

We have before us the very able and well considered opinion of Judge Scarlett, wherein he directed a verdict at the close of plaintiff's testimony. It is obvious that he had before him not only the evidence but likewise the constitutional question which is before us, and the only question for our consideration. Judge Scarlett in his written opinion decided what is to our minds an unanswerable reason why the sections of the Code attacked were not unconstitutional. We think his opinion covers the question so thoroughly that we adopt its language on all questions properly before us.

The judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

HORNBECK, PJ. & GEIGER, J., concur.